# Florence Wagon Works *v.* Kalamazoo Spring & Axle Co.

*Action for Breach of Contract.*

[Decided June 30, 1905.]

1. *Sales; Breach of Contract.*—Where a party agrees to purchase from a manufacturer, and the manufacturer agrees to make and deliver a certain quantity of articles to be manufactured and shipped at an agreed price, according to the specifications to be furnished by the purchaser within a stated time, the failure of the purchaser to furnish such specifications within the time stated is a breach of its contract and entitles the manufacturer to recover such damages as proximately resulted from such breach.

[Florence Wagon Works v. Kalamazoo Spring & Axle Co.]

APPEAL from Lauderdale Circuit Court.

Heard before Hon. E. B. ALMON.

.The defendant interposed a number of grounds of demurrer .which practically raised the same question, namely, that the complaint failed to show that plaintiff delivered, or offered to deliver, the articles described in the complaint. The demurrers were overruled, and the plea of the general issue was filed. There was a judgment for plaintiff and defendant appeals. The facts sufficiently appear in the opinion.

JOHN T. ASHCRAFT and KIRK, CARMICHAEL & RATHER, for appellant.

EMMETT O'NEAL, for appellee.

TYSON, J.—This action is for the breach of a written contract entered into between the parties for the sale of five thousand sets of wagon seat springs.

The complaint contains two counts presenting the cause of action in substantially the same way. It is averred in substance that, by the terms of the contract, the plaintiff agreed to sell and the defendant agreed to buy not less than five thousand sets of wagon seat springs at and for the price of fifty-five cents per pair, f. o. b., the cars at sellers' factory, Kalamazoo, Michigan. The contract was executed on the 4th day of December, 1899, and was to expire on the 1st day of September, 1900. By the terms of the contract defendant agreed to specify for all the goods to be taken under it, not less than five (5000) thousand sets, in ample time, at least sixty days prior to the expiration of the contract, so as to allow for them to be manufactured and delivered prior to the last named date. Said specifications to be furnished in about equal installments, so as to be distributed over the period of time prescribed as the life of the contract. In the first count it is averred that "Plaintiff has complied with all the terms of the contract on its part and did repeatedly urge the defendant to specify for said goods as provided for in said contract prior to the first of September, 1900, and was ready and willing and offered to ship said springs in accordance with said con-

tract, yet, the defendant, notwithstanding plaintiff's repeated urging, failed and refused to furnish specifications for said springs or to authorize the same to be shipped."

In the second count it is averred that although plaintiff "Was ready and willing and offered to carry out said contract on its part and to ship said springs prior to September 1st, 1900, but defendant though often requested failed and refused to specify for twenty-five (2500) hundred sets of springs as provided in said contract although the plaintiff was prepared to furnish the same," etc., etc.

Manifestly the provision of the contract stipulating for the specification by defendant was for the benefit of plaintiff, so as to enable it to manufacture the springs in time to deliver them on the cars at its factory during the existence of the contract. The plaintiff having the defendant's obligation to so specify, it was clearly under no duty to manufacture them unless the defendant made the specifications as it had obligated itself to do. It is true the plaintiff could have waived this term of the contract. It could have manufactured the springs and delivered them on the day of its expiration and compelled defendant to pay the purchase price agreed on. But this was not its obligation. It was not bound, as we have said, to manufacture the springs at all, or to deliver them, until specification was made by defendant. It had the right to claim of defendant its fulfillment of its contractual obligation and if there was a breach of that obligation by the latter, it had the right to treat the contract as terminated and rely upon the breach by defendant for its compensation in damages. To impose upon plaintiff the duty of manufacturing and delivering the springs, would require it to go forward with the execution of the contract, notwithstanding it had been breached by defendant, and to deprive the former of the right to insist upon the breach, which it has a clear right to do. In short, to impose this duty upon plaintiff would put a burden upon it not contracted for. Parties have a right to make their own contracts, and they must be enforced by the courts as made when not in violation of some rule of public policy. Courts have no right to alter

their terms. The demurrer to the complaint was properly overruled.

The evidence, without dispute, established that defendant breached the contract, as alleged in the complaint, in failing or refusing to specify for twenty-five hundred springs which it obligated itself to do. The testimony admitted by the court, against defendant's objections, in no wise affected this established fact. In other words, with the testimony in or out of the case, that fact remained undisputed and entitled the plaintiff to a judgment. So, if it be conceded that the rulings of the court, here insisted on as erroneous, were in fact erroneous, they were clearly without injury.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, JJ., concurring.